UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DONOVAN TYRONE MONROE** | **CIVIL ACTION 09-1478** |
| **VERSUS** | **JUDGE HAIK** |
| **ARIES MARINE CORP., ET AL** | **MAGISTRATE JUDGE HANNA** |

### ORDER

This Court has received notice defendant Wise Well Intervention Services, Inc. filed a voluntary petition for relief under chapter 7 of Title 11 ("Bankruptcy") of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, on December 9, 2009, Case No. 09-39408.  Pursuant to 11 U.S.C. § 362(a), a mandatory stay of all claims against the debtor took effect at the time of the filing of the bankruptcy petition and, for the purpose of clarifying the debtor's status herein, this Court acknowledges that all claims against Wise Well Intervention Services, Inc. are STAYED pending notice from the presiding bankruptcy court that the stay has been lifted.

In order to permit counsel to take stock of the effect of the bankruptcy stay upon further proceedings herein, this matter is hereby STAYED for an additional thirty (30) days, or until **July 15, 2010**.  On or before that date, counsel for all parties (other than the debtor) are ORDERED to confer for the purpose of ascertaining whether or not all parties can reach an agreement as to how further proceedings in this matter should be handled.  On or before the deadline, counsel shall jointly report to the Court, in writing, the results of their decisions.  A status conference is set for **July 19, 2010, at 11:00 a.m.** Counsel for plaintiff shall initiate the call to chambers at **(337) 593-5140.**

Counsel are advised that in the event any party seeks to have the stay of this matter extended

1

beyond July 15, 2010, over objection of another party, the movant will be required to demonstrate the existence of a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else," as discussed in Wedgeworth v. Fibreboard Corporation, 706 F.2d 541 (5th Cir. 1983)(quoting Landis v. North American Co., 299 U.S. 248, 255 (1936).[1]  *See also* Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir. 2001)("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors.")  Therefore,

**IT IS ORDERED** that on or before **July 15, 2010**, counsel shall jointly report to the court, **in writing via fax** to **(337) 593-5155**, whether or not all parties can reach an agreement on how further proceedings in this matter should be handled.

**IT IS FURTHER ORDERED** that a telephone status conference is set for **Monday, July 19, 2010, at 11:00 a.m.**  Counsel for plaintiff shall initiate the call to chambers at **(337) 593-5140.**

Lafayette, Louisiana, this 16th day of June, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[1] "[T]he protections of § 362 neither apply to co-defendants nor preclude severance." Wedgeworth at 544.